**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara L. Richie,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company, a foreign corporation licensed to do business in the State of Arizona, et al.,<br><br>　　　　　Defendants. | No. CV-13-08105-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Barbara Richie's Motion to Remand Back to Navajo County Superior Court of Arizona. (Doc. 12.) For the reasons discussed below, the Motion is granted.

## BACKGROUND

This case arises out of an insurance claim dispute. On January 12, 2011, Richie was injured in a vehicular accident. Sometime after the accident, Richie filed an insurance claim with her insurer, Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). On June 27, 2012, Richie's counsel sent a letter to State Farm to settle the claim. (Doc. 16, "Tab 1".) In that letter, Richie demanded full policy limits to settle the claim and stated that the opposing driver's insurer had determined liability of its insured and paid its policy limits of $100,000 to Richie. (*Id.*) On July 13, 2012, State Farm acknowledged receipt of the letter and on July 16, it requested from Richie an "indefinite extension on the time limit" for her demand pending "all films obtained of

Ms. Richie along with utilization review" because it had questions regarding causation of some of her injuries and treatment. (Doc. 18-1, Ex. 2; Doc. 18-2, Ex. 2.) Following a phone conversation with State Farm's claim representative, on July 19, 2012, Richie's counsel sent another letter to State Farm stating that the evidence provided to State Farm was sufficient to settle the claim and reminding it of its duty to deal with Richie, as her insurer, in good faith. (Doc. 16, "Tab 2".)

State Farm completed its evaluation of Richie's claim on December 03, 2012, and in a letter to Richie it concluded, based on the opinion of its consulting physician, that she had been adequately compensated for her injuries by the settlement with the opposing driver's insurer. (Doc. 18-3, "Ex. 3.") In response, Richie's counsel sent a letter to State Farm disagreeing with its evaluation and providing a final settlement offer of $35,000 as full and final compensation for her claim. (Doc. 18-4, Ex. 4.)

Because the Parties could not settle the claim, Richie filed a suit in the Navajo Superior Court on March 25, 2013 alleging claims for breach of contract, and breach of duty of the good faith and fair dealing. (Doc. 1, "Tab 1".) On May 1, 2013, State Farm removed the case to this Court. (Doc. 1.) Richie now moves to remand the case back to state court for lack of subject matter jurisdiction.

## DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A party may remove an action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 747 (9th Cir. 1993). The party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong

presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Richie contends that the Court lacks diversity jurisdiction in this case because the amount in controversy does not exceed $75,000. State Farm argues that based on Richie's settlement offer preceding the filing of this suit, the amount in controversy exceeds $75,000. The Ninth Circuit has held that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (citing *Wilson v. Belin,* 20 F.3d 644, 651 n.8 (5th Cir.1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.")); *see Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("Like the letter in *Cohn,* the Bruinsma letter put LensCrafters on notice as to the amount in controversy.").

Richie has not stated in her complaint a specific amount of damages that she is seeking in this case. (*See* Doc. 1, "Tab 1".) Where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant must prove the existence of the amount in controversy by a preponderance of evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In support of the assertion that Richie requested $100,000 to settle her claim, State Farm refers to a letter from Richie's counsel dated June 27, 2012. In that letter, Richie's counsel requested, on behalf of his client, State Farm's policy limits to settle the personal injury claim. There is no evidence in the record that those policy limits amount to $100,000. In the letter, Richie's counsel referred to the fact that the opposing driver's insurer had paid *its* policy limits of $100,000 to Richie. Even assuming that State Farm's policy limits amount to $100,000, however, that does not "reflect a reasonable estimate" of Richie's claim. In the most

1   recent settlement letter on the record prior to filing suit, Richie offered to "accept the
2   amount of $35,000.00 as full and final compensation of her bodily injury claim." (Doc.
3   18-4, Ex. 4. at 1.) That offer along with Richie's assertion in her Motion that her claim
4   does not exceed $75,000 is sufficient to conclude that the amount in controversy in this
5   case does not exceed $75,000. Therefore, the Court lacks subject matter jurisdiction to
6   hear the case.

7   **IT IS THEREFORE ORDERED** that Defendant's Motion to Remand Back to
8   Navajo County Superior Court of Arizona, (Doc. 12), is **granted**. The Clerk of Court is
9   directed to remand this action back to the Navajo County Superior Court.

10  Dated this 21st day of August, 2013.

_____
G. Murray Snow
United States District Judge